**UNITED STATES of America, Appellee,**

v.

**Dale L. BISSON, Appellant.**

No. 87–5236.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1987.

Decided Feb. 10, 1988.

T.R. Pardy, Howard, S.D., for appellant.

Mikal Hanson, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before ARNOLD, FAGG, and BEAM, Circuit Judges.

ARNOLD, Circuit Judge.

Dale Bisson borrowed $124,740 from the Commodity Credit Corporation under the farm storage loan program, which is administered by the Agricultural Stabilization and Conservation Service. When, pursuant to the loan contract, the ASCS called the loan, Bisson repaid some, but not all, of it. The ASCS sued for the balance in the District Court,[1] 646 F.Supp. 701, and obtained a judgment for $66,843.55, plus costs and interest. Bisson appeals.

We affirm the judgment on the basis of the District Court's well-reasoned and thorough opinion, *United States v. Bisson*, 646 F.Supp. 701 (1986). See 8th Cir.R. 14. We add only two observations relating to the arguments made on appeal.

1. Bisson counterclaimed, alleging that the corn securing part of the loan had been stolen, and praying that the value of the missing grain be offset against the judgment according to a provision in the contract stating that the CCC would assume "physical loss or damage [to the corn] occurring after disbursement of the loan funds." This provision can be enforced only if the ASCS makes certain administrative findings concerning the circumstances of the loss. Two years before this lawsuit was filed, Bisson invoked the necessary administrative procedure, but the county committee of the ASCS denied the claim. Under the applicable appeal regulations, 7 CFR Ch. VII, Part 780, Bisson sought reconsideration by the county committee and then appealed the adverse determination to the state committee. But after the state committee affirmed the denial of the claim, Bisson did not appeal to the Deputy Administrator of State and County Operations of the ASCS, as provided for in the regulations, 7 CFR § 780.5. Since Bisson had failed to exhaust administrative remedies on his theft claim, the District Court refused to consider the merits of the counterclaim, and Bisson contends this was error.

We do not doubt that the counterclaim raised the same issues raised in the administrative claim, so that consideration of the counterclaim would have required review of the administrative proceeding. Nor do we doubt that the agency's determination of the claim was a final decision, and thus within the District Court's power to review. See 5 U.S.C. § 704. But since Bisson had not exhausted his administrative appeals, the decision whether to consider the counterclaim, or to hold it barred under the exhaustion doctrine, was committed to the sound discretion of the District Court. The Court's opinion weighs the

---

1. The Hon. Donald J. Porter, Chief Judge, United States District Court for the District of South Dakota.

factors for and against reviewing the administrative determination, and its resolution of the issue was not an abuse of discretion.

Bisson argues that the doctrine of exhaustion of administrative remedies should not apply at all to bar the assertion of a defense. The government, not Bisson, initiated this case, and Bisson's loss-by-theft claim, though pleaded as a counterclaim, is in practical effect just a partial defense to the main claim asserted by the government's complaint. It would not produce any affirmative relief for Bisson, but just a reduction in the amount of the unpaid loan for which he is liable. We do not agree that there is any such general exception to the exhaustion doctrine. If a complaint or prosecution is founded on a statute or regulation, and the defendant wishes to contest the validity of that statute or regulation, normally he is allowed to do so, notwithstanding his not having pursued some earlier opportunity to raise the issue. That sort of case raises a pure question of law, and one that goes to the very foundation of the proceeding. But here Bisson's counterclaim (or defense, if he prefers to characterize it that way) raises only questions of fact and of interpretation of the plaintiff's own regulations. On such questions, it does serve a useful purpose to require full use of available administrative avenues of redress. Bisson did not fully avail himself of those avenues, nor has he shown any good reason (like futility) for not having done so.[2]

2. Bisson claims that he did not receive a full and fair administrative determination because the ASCS withheld a report of its criminal investigation into the disappearance of the corn, and the Court should therefore have entertained the counterclaim. We disagree. The report was concerned with whether Bisson could be held criminally liable in connection with the disappearance of the CCC's collateral,

while the administrative proceeding focused on whether he was negligent in that regard. In addition, Bisson has not shown us that the report contained anything that would have benefited him at the administrative level. If the report was important to him, he could have asked the Deputy Administrator to order it produced. We do not believe that this additional consideration transforms the Court's refusal to consider Bisson's counterclaim into an abuse of discretion.

The judgment is

Affirmed.

---

2. Congress may of course modify or repeal by statute any of these judge-made rules respecting exhaustion of administrative remedies, subject to constitutional limitations. The Federal Tort Claims Act, for example, establishes certain administrative prerequisites to the filing of a tort action for damages against the United States, but expressly exempts third-party complaints, cross-claims, and counterclaims from any such requirements. 28 U.S.C. § 2675(a) (1982). It is not contended that this or any other statute is available to aid Bisson's position in this case.